### NOLAN WEST V. THE STATE.

No. 23768. Delivered November 5, 1947.

No attorney of record on appeal for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. B. Duggan* and *E. T. Branch,* Assistants District Attorney, all of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the murder with malice of Walter Zaborowski, and assessed the penalty of death, and he appeals.

There are no bills of exception in the record.

It is shown by the facts that on the 13th day of January, 1947, in Houston, Texas, the body of Walter Zaborowski was found slumped over in an automobile with a bullet hole through his head, a .45 caliber bullet having entered just behind the right ear and having its exit behind the left ear. The deceased was sitting in a car belonging to one Russell E. Parker, commonly called "Blondie Parker", who testified that on the day of this homicide he had been with the deceased practically all day, and at about 9:00 o'clock at night they were at a beer parlor; that he (Parker) owned a Ford car, and he loaned same to the deceased to go home in that night. This car had folding seats in front and deceased had possession of that car and left the parking lot in same at about 11:15 P. M. Some people who lived near Spring Street in Houston, heard two shots during the night and saw a man running down Silver Street nearby and described this man. The police were called and upon their arrival, they found the deceased. Soon after the time these shots were heard appellant, with a .45 caliber automatic pistol in his hand, came hurriedly into the home of a Mr. Guinn. He had a conversation with Mr. Guinn and his wife and told them that when the police arrived to tell them that they had seen no one running to their house. Upon appellant's arrest later on, he told the officers where he had hidden the pistol after having dismantled same, and also where he had taken the barrel thereof and filled it with nitroglycerin and then blown it up. Under his direction the officers went to the spot indicated by appellant and there found pieces of a pistol; that

they then went to a further place and did not find the bursted barrel of the pistol but did find a burned place in the grass.

A statement in writing and signed with appellant's name was introduced in evidence which, after the statutory warning, reads as follows:

"My name is NOLAN WEST. I am 24 years of age. I reside at 425 South Summit Street, Fort Worth, Texas. This past Monday night, January 13, 1947, I was at the Bucket Shop on Crockett Street. I was there with Lawrence Guinn drinking beer. While we were there drinking beer I saw Blondie Parker with quite a bit of money on him. I decided that I would hold him up and get this money. I left Lawrence there about 9:30 P. M. and told him that I was going home. I went up to Ray Guinn's house, 1907 Sabine, where I had been staying. When I got there I changed clothes. I borrowed a pair of khaki pants and a leather jacket from Ray Guinn and put them on. I stayed around the house there and ate a sandwich. I then got a .45 caliber automatic pistol which I had there at the house. I went on back down to the Bucket Shop on Crockett Street and got in Blondie's Parker's car. It was either a 1940 or 1941 model Ford. I got in the back seat of the car and laid down on the floor. This was about 10:45 P. M. I waited there until about 11:00 P. M. thinking Blondie Parker would come out and get in the car. A man came and got in the car, and I thought it was Blondie. This man started the car and drove west on Crockett Street. When he stopped for the red light on Crockett Street at Houston Avenue, I raised up with my pistol. I then discovered that it wasn't Blondie, but I told him to drive on. When we got to Silver Street I told him to turn to the right. After he turned to the right on Silver Street, I told him to drive on across the railroad tracks. He told me that he wasn't going to do it, that he had some people following, and also had a gun in his hand. Instead of going straight ahead as I directed him, he turned to the right on Spring Street and headed east. I pushed up the front seat and opened the door and started to get out of the car. Just as I got one foot up, he raised his hand and I shot him one time. The car was still in motion, and I fell out of the car. When I hit the ground the gun went off again. I got up and ran south on Silver, and around the block to Ray Guinn's house. When I got there I went in and changed clothes. I woke Ray Guinn up and told him to go down to the F. & B. Drive Inn and get Lawrence. He sent his boy, Richard Guinn, after Lawrence. Lawrence came on back to the house, and I stayed there with him and watched

what was happening outside on Spring Street where the car had stopped. I left the house then after I found out that I had killed this man, and went over to Bobby Brown's house. I stayed over there the rest of the night. I got up the next day and came back to Ray Guinn's house, and stayed there until Wednesday night when I left and went to Fort Worth where I was arrested. I hitch-hiked to Fort Worth. This pistol was a .45 caliber automatic. Ithaca make. This is a pistol that I stole out of a car at a honky-tonk on the Beaumont Road, near the San Jacinto River. I was shown a pair of pants and a leather jacket by Captain Peyton at the time I made this statement, and they are the same clothes that I borrowed from Ray Guinn, and wore at the time I shot this man. I did not know who this man was at the time I shot him, but I learned later that he is a man that I know by the name of Walter.

This is all I know about this case. I went to the tenth grade in school. I have read the above statement and it is true and correct.

Signed    Nolan West

Witnesses:

E. S. Kipp, 6937 Ave. L, W-2468
Al Swank, 3733 Griggs Rd. F-6191."

Appellant afterwards made a further statement in writing relating mainly to his dispostal of the pistol.

We think the facts are amply sufficient to show this useless and malicious killing, and that the jury were justified in awarding the extreme penalty provided by law.

The judgment is therefore affirmed.